UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-61359-CIV-COHN/SELTZER

ORLY GOODMAN,

    Plaintiff,

vs.

DTG OPERATIONS, and SUNSHINE
CLEANING SYSTEMS, INC.,

    Defendants.

_____/

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Defendant Sunshine Cleaning System, Inc.'s Motion for Summary Judgment [DE 37] ("Motion").  The Court has reviewed the Motion, Plaintiff Orly Goodman's Response [DE 76], Sunshine's Reply [DE 79], and other relevant portions of the record.  The Court is otherwise advised in the premises.  Upon consideration, the Motion will be **DENIED**.

### I.    Background

On July 7, 2011, Goodman "slipped and fell on a puddle of water" at Fort Lauderdale International Airport.  [DE 1 at 3.]  Specifically, Goodman slipped in the waiting area in front of the Dollar Rent-a-Car counter at the Airport's Rental Car Center.  [DE 38 at ¶3; DE 75 at ¶3.]   She injured her wrist in the fall.  She testified in her deposition that she was treated at a hospital immediately following the incident but was not held overnight.  [DE 38-1 at 10.]  Pain in her wrist continues, and it limits her ability to lift objects and drive long distances. [DE 38-2 at 4.]

Goodman sued three organizations in connection with the fall.  She sued Broward County, which she alleged owns and operates Fort Lauderdale International Airport.  [DE 1 at 3.]  She sued a company named DTG Operations, Inc., which operates the Dollar Rent-a-Car.  [Id.]  And she sued Sunshine, which has a contract with Broward County to monitor and clean certain parts of the Airport ("the Contract").  [Id.; DE 75-1.]  Goodman dismissed Broward County from this suit at an early stage.  [DE 7 at 1.]  DTG Operations has failed to appear, and the Clerk of Court has entered default against it.  [DE 10 at 1.]

Therefore, only Goodman's claims against Sunshine remain at issue.  Plaintiff's Complaint states two claims against Sunshine.  In Count II, Goodman sues Sunshine for Negligence.  She claims that Sunshine breached a duty to keep Dollar Rent-a-Car's waiting area puddle-free.  In Count IV, Goodman sues Sunshine as an alleged third-party beneficiary of the Contract between Sunshine and Broward County for Sunshine's cleaning services.  According to Goodman's theory, the Contract required Sunshine to adequately clean the Dollar Rent-a-Car's waiting area, and Sunshine failed to do so.

Sunshine now moves for summary judgment.  Sunshine does not specify upon which of Goodman's claims it requests summary judgment.  Instead, Sunshine argues generally that it had no duty to police and clean Dollar Rent-a-Car's waiting area.  [DE 37 at 2.]  Further, even if Sunshine had such a duty, Florida Statute § 768.0755 relieves it of liability because Sunshine did not have actual or constructive knowledge of the offending puddle.  [Id. at 8.]

## II. Summary Judgment Standard

The Court will grant summary judgment if the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must demonstrate a lack of evidence supporting the nonmoving party's case.  Id. at 325.

After the movant has met its burden under Rule 56, the burden of production shifts to the nonmoving party who "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  The nonmoving party may not rely merely on allegations or denials in its own pleading, but instead must come forward with specific facts showing a genuine issue for trial.  Fed. R. Civ. P. 56; Matsushita, 475 U.S. at 587.

As long as the nonmoving party has had ample opportunity to conduct discovery, it must come forward with affirmative evidence to support its claim.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).  "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party." Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the evidence advanced by the nonmoving party is merely colorable, or is not significantly probative, summary judgment may be granted.  Anderson, 477 U.S. at 249–50.

**III.     Discussion**

The Court will deny Sunshine's Motion for Summary Judgment because whether Sunshine had a duty to police and clean Dollar Rent-a-Car's waiting area is a disputed factual issue that a jury must resolve.  Further, a reasonable jury could find that Sunshine had constructive knowledge of the puddle at the heart of this suit.

**A.     Florida law controls.**

This is a diversity case for which Florida law provides the substantive rules of decision.  Absent a Florida Supreme Court decision on point, the Court is bound to follow the decisions of the state's intermediate appellate courts unless there is "some persuasive indication" that the Florida Supreme Court would decide the issue differently.  McMahan v. Toto, 311 F.3d 1077, 1080 (11th Cir. 2002).

**B.     Whether Sunshine had a duty to police and clean Dollar Rent-a-Car's waiting area is a disputed issue of fact for the jury to resolve.**

This case hinges on Sunshine's duties to police and clean the Dollar Rent-a-Car waiting area in which Goodman fell.  Both Goodman's Negligence claim and her claims as a third-party beneficiary for Breach of Contract require Goodman to establish this duty.  If Goodman has produced insufficient evidence to show that a reasonable jury could determine that such a duty exits, the Court should enter summary judgment in Sunshine's favor.

Goodman primarily contends that Sunshine's Contract with Broward County to clean Fort Lauderdale International Airport created the duty upon which she sues.[1]

---

[1] Alternatively, Goodman argues that even if the Court concludes that the Contract contains no such duty, the Court should still find Sunshine owed her a duty of care because Sunshine gratuitously undertook to inspect and clean the Dollar Rent-a-Car waiting area regardless of the Contract's terms. [DE 76 at 5.]  However, the Court need

"[O]ne who may foreseeably be injured by the negligent performance of a contractual duty has the right to maintain an action against the allegedly negligent performer even though he or she is not in privity with that performer." 38 Fla. Jur. 2d Negligence § 25 (2d ed. 2016) (citing Gallichio v. Corp. Grp. Serv., Inc., 227 So. 2d 519 (Fla. Dist. Ct. App. 1969)).  The Florida Courts have specifically held that a plaintiff may sue a cleaning company when that company has failed to adequately perform its contract to clean a venue and injury results.  See Maryland Maint. Serv., Inc. v. Palmeri, 559 So. 2d 74, 76 (Fla. Dist. Ct. App. 1990).

Here, Sunshine contends that its Contract with Broward County did not render Sunshine responsible for the policing and cleaning of the Dollar Rent-a-Car waiting area in which Goodman fell.  Therefore, Sunshine did not breach its contractual duties to Broward County, and this purported breach therefore cannot form the basis of Goodman's Negligence claim.

Sunshine's arguments concerning its obligations under the Contract have evolved somewhat over the course of the briefing of its Motion.  In its initial Statement of Material Facts in support of its Motion, Sunshine declared, "The written contract that was in effect at the time of the accident does not list the [Rental Car Center], as it was not built until after the contract went into effect."  [DE 38 at ¶17.]  But this is not correct.  As Sunshine acknowledges in its Reply, the Contract requires Sunshine to monitor and clean the "Common Area" of the Rental Car Center—identified in the Contract as the

---

not reach this issue because it agrees with Goodman that summary judgment is inappropriate on her arguments concerning the Contract.

"Cypress Garage." [DE 75-1 at 48 & 79.][2] Accordingly, whether Sunshine owed Goodman the purported duty turns on the meaning of the term "Common Area." Does the term include or exclude Dollar Rent-a-Car's waiting area?

Generally, interpretation of a contract term is a question of law for the judge, and appropriate for disposition on summary judgment. 11 Fla. Jur. 2d Contracts § 141 (2d ed. 2016). However, there exists at least one important exception. "[W]hen an ambiguity is found to exist in a contract and the parties' intent can be resolved only by resort to conflicting extrinsic evidence, a question of fact is presented, which must be resolved by the trier of fact." Id. § 160. In such cases, it is "proper to submit the issue to the jury for resolution as a matter of fact." Hoffman v. Terry, 397 So. 2d 1184, 1184 (Fla. Dist. Ct. App. 1981).

Here, the Contract imposes a duty upon Sunshine to clean and police the Rental Car Center's "Common Areas." [DE 75 at ¶19; DE 75-1 at 79.] But the Contract does not define this term. And it is "rationally susceptible to more than one interpretation." Elias v. Elias, 152 So. 3d 749, 752 (Fla. Dist. Ct. App. 2014). For example, the "Common Area" could refer to those areas not apportioned to a specific rental car company (as Sunshine suggests), such as access points and public walkways and restrooms. Under such an interpretation, Dollar Rent-a-Car's waiting area would not be "common." Or the term could refer to space commonly accessible to members of the

---

[2] The Court notes that Sunshine argued in its initial memorandum that its responsibility was limited to "the bathrooms and common walking areas" of the Rental Car Center. [DE 37 at 3.] This is more consistent with the language of the Contract than the position taken in Sunshine's Statement of Material Facts that the Contract did not refer to the Rental Car Center at all.

6

public without restriction (as Goodman argues), in which case the term would include Dollar Rent-a-Car's waiting area.

Faced with this latent ambiguity, the Court must look to parole evidence to resolve it. Relevant evidence would include negotiations contemporaneous to contract formation, MAS (Canada), Inc. v. Rad Source Techs., Inc., 822 F. Supp. 2d 1263, 1296 (S.D. Fla. 2011), and custom and usage, 11 Fla. Jur. 2d § 171 (2d ed. 2016).  The Contract itself refers to "[d]iagrams . . . which depict all [Sunshine's] areas of responsibility" [DE 75-1 at 80], but these diagrams are not included in the record before the Court.[3]  Additionally, Broward County's and Sunshine's subsequent performance under the Contract, and performance of similar contracts, can illustrate their understanding of the terms.

Here, Sunshine and Goodman offer conflicting extrinsic evidence of the meaning of the Rental Car Center's "Common Area" under the Contract.  Sunshine offers the deposition testimony of its Project Director, Gary Bruce Walker [DE 38-15].  Mr. Walker testified that Sunshine is not responsible for cleaning or patrolling any of the areas under an overhang present in the Rental Car Center.  [DE 38-15 at 12.]  This includes the Dollar Rent-a-Car's waiting area where Goodman fell.  [DE 38-15 at 12.]

Goodman, on the other hand, points to the deposition testimony of Broward County Sheriff's Deputy Miguel Martinez-Newell [DE 38-14].  Deputy Martinez-Newell testified that he has been stationed at Fort Lauderdale International Airport since 2008. [DE 38-14 at 2.]  He testified that the Broward County Aviation Department called

---

[3] During deposition, Sunshine's Project Director Gary Walker testified that these diagrams "would show exactly where we clean, where we don't clean." [DE 38-15 at 42.]

7

Sunshine to clean up the area immediately after Goodman fell [DE 38-14 at 14], indicating that at least Broward County believed that Sunshine was responsible for the waiting area. Further, Deputy Martinez-Newell testified that he calls Sunshine to clean something up in the Rental Car Center "[o]nce or twice a week." [DE 38-14 at 7.] Deputy Martinez-Newell expressed no awareness that any portion of the Rental Car Center's public space was beyond Sunshine's responsibility.

In light of this conflicting testimony, the Court concludes that a genuine issue of material fact exists as to Sunshine's responsibility to police and clean Dollar Rent-a-Car's waiting area. Summary Judgment in Sunshine's favor is therefore not appropriate on this issue.

### C. Summary judgment is not warranted under Florida Statute § 768.0755.

Sunshine next argues that the Court should enter summary judgment in its favor under Florida Statute § 768.0755(1). Even assuming Section 768.0755(1) applies to Sunshine, summary judgment is not appropriate.

Section 768.0755(1) reads as follows:

> If a person slips and falls on a transitory foreign substance in a business establishment, the injured person must prove that the business establishment had actual or constructive knowledge of the dangerous condition and should have taken action to remedy it. Constructive knowledge may be proven by circumstantial evidence showing that:
>
> (a) The dangerous condition existed for such a length of time that, in the exercise of ordinary care, the business establishment should have known of the condition; or
>
> (b) The condition occurred with regularity and was therefore foreseeable.

By the Statute's terms, it appears to apply only to "business establishments" and not to those establishments' contracted cleaning companies. But even assuming the Statute does apply, summary judgment in Sunshine's favor would not be appropriate.

Goodman does not contend that Sunshine had actual knowledge of the spill. Instead, Goodman proceeds under a theory of constructive notice because the offending puddle was on the ground for at least an hour before Goodman slipped.

Florida courts have held as few as twenty minutes "to be sufficient for defendants to be charged with knowledge of [a] condition and a reasonable time in which to correct it." Winn Dixie Stores, Inc. v. Williams, 264 So. 2d 862, 864 (Fla. Dist. Ct. App. 1972).

Here, Goodman states that her aunt nearly slipped on the puddle twenty minutes before Goodman's fall. [DE 38-4 at 7.] Further, Goodman testified at her deposition that she spent an hour in the Dollar Rent-a-Car waiting area before she fell and observed no one spill anything during that time. [Id. at 5.] If believed, this evidence would permit the jury to infer that the puddle had been on the ground long enough for the party responsible for maintaining Dollar Rent-a-Car's waiting area to be charged with constructive notice. For this reason, the Court will deny Sunshine's Motion for Summary Judgment on this issue.

### IV.   Conclusion

Based on the foregoing, it is **ORDERED AND ADJUDGED** as follows:

Defendant's Motion for Summary Judgment [DE 37] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 26th day of February, 2016.

                                                                                     _____
                                                                                     JAMES I. COHN
                                                                                     United States District Judge

Copies provided to counsel of record via CM/ECF.